1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CES USA, INC.,                         Case No. 22-cv-06052-KAW (DMR)

8                 Plaintiff,

9          v.                               **ORDER TO SHOW CAUSE**

10   ICOMMUTE, INC.,

11               Defendant.

12

13         The court held a settlement conference by Zoom on May 23, 2023.  When the court

14   initiated the Zoom proceeding, Plaintiff's counsel Lorna Walker was in attendance as was Gary

15   Bauer, the CEO of Defendant iCommute, who was there without lawyer representation.  Ms.

16   Walker explained that defense counsel Aaron Hancock was ready to sign onto the Zoom platform

17   but was reluctant to do so because of a "cease and desist" communication he received from his

18   former firm.  The court instructed Mr. Hancock to appear.  Mr. Hancock explained that when the

19   case started, he worked for the Bishop│Barry law firm but recently had moved to Mokri Vanis &

20   Jones LP.  According to Mr. Hancock, Bishop│Barry refused to execute a substitution of counsel

21   and transfer file materials because of a pending billing dispute with an affiliate of Defendant

22   iCommute.  When Mr. Hancock made an appearance in another case involving another affiliated

23   company, Bishop│Barry partner Andrew Goode sent Mr. Hancock a "cease and desist" letter

24   stating that Mr. Hancock could not represent that client until a substitution could be filed.

25         In the lead-up to the settlement conference in this case, Ms. Walker called Mr. Hancock,

26   who explained the situation and directed her to call Bishop│Barry.  When she did, she was

27   advised that Bishop│Barry was not representing iCommute and was referred back to Mr.

28   Hancock.

United States District Court
Northern District of California

<div style="text-align:center; writing-mode: vertical">United States District Court
Northern District of California</div>

1    This lawyer run-around resulted in Mr. Bauer showing up at the start of the settlement

2 conference without representation.  He was not represented by Mr. Hancock (his attorney of

3 record) or Mr. Goode (the attorney who purportedly refused to execute a substitution of counsel or

4 turn over the client file and sent a threatening letter to Mr. Hancock, but at the same time refused

5 to take action to represent the client).

6    The court called Mr. Goode during the settlement conference to get his side of the story.

7 The court left a message for him at his office and on his cell phone.  Both messages directed Mr.

8 Goode to call the court.  Mr. Goode has yet to return the call or communicate with the court in any

9 manner.  Mr. Goode, a member of the Northern District of California bar, is ordered to preserve all

10 communications of any kind regarding Bishop│Barry's representation of iCommute, Inc. and any

11 affiliated entities or individuals.[1]  **By June 12, 2023,** Mr. Goode must submit a **detailed**

12 declaration sworn under of penalty of perjury that addresses and explains the facts and

13 circumstances set forth in this order.  The declaration must be lodged with Judge Ryu at the

14 Oakland federal courthouse at 1301 Clay Street, Suite 400S, Oakland, CA 94612.  Failure to

15 timely respond may result in sanctions.

16    After reviewing Mr. Goode's declaration, the court will determine whether further action is

17 appropriate with respect to Mr. Goode and Mr. Hancock.

18    **The Clerk is directed to serve a copy of this Order on Mr. Goode at his email and**

19 **mailing addresses on record with the California State Bar.**

20    **IT IS SO ORDERED.**

21 Dated: June 5, 2023

22

23

24 

Donna M. Ryu
Chief Magistrate Judge

25

26

27

28

---

[1] The court issued a similar order to Mr. Hancock and Ms. Walker at the settlement conference.

2